UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DOMINIC COTRONEO, *et al.*,                    §
   *Plaintiffs*,                    §
         §
vs.                    §  CIVIL ACTION H-05-1250
         §
SHAW ENVTL. & INFRASTRUCTURE,                    §
INC., *et al.*,                    §
   *Defendants*.                    §

## ORDER

The plaintiffs' motion to compel discovery documents (Dkt. 39) has been referred to this court for disposition.  For the following reasons, the motion is denied.

The plaintiffs contend that the defendants were required to produce requested discovery documents by September 1, 2005, the deadline set for initial disclosures by the court at the status conference held August 10, 2005.  As explained by the court at that status conference, and as provided by Federal Rule of Civil Procedure 26, a party may satisfy its initial disclosure obligation by describing by category those documents that may be used to support claims or defenses; it need not necessarily produce all such documents contemporaneously with the initial disclosures.  *See* FED. R. CIV. P. 26(a)(1)(B); *see also* 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2053 (2d 1994) (explaining that a listing by category satisfies the initial disclosure rule).  The defendants identified documents by category by September 1, and are

therefore in compliance with the court's scheduling order and the initial disclosure requirement.

Additionally, it does not appear the plaintiffs have formally requested any documents from the defendants. The plaintiffs acknowledge this lack of formal request in their reply, but instead point to informal correspondence between counsel, and a document request submitted while this action was before a New York state court. The plaintiffs' reliance on an informal understanding between the parties raises a number of difficulties. To begin with, the method for discovering additional matter beyond what is included with initial disclosures is described in Federal Rule of Civil Procedure 26(a)(5). A motion to compel before these methods have been employed is premature. *Cf. Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186 (3d Cir. 2003). Moreover, the informal correspondence between the parties is not clear or specific enough to be considered a stipulation regarding discovery under Federal Rule of Civil Procedure 29 because, among other things, it is not clear what specific documents are being referenced.

As for the discovery requests submitted in state court, they are no longer operable after this case was removed to federal court. *See* Fed. R. Civ. P. 81(c). Once in federal court, Rule 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Whatever the

propriety of serving a document request with a complaint in New York state court may

be, this request was made before the Rule 26 conference and is therefore not a valid

document request under the governing Federal Rules of Civil Procedure.

Lastly, the court notes that there is a dispute whether the requirement of a

conference between the parties was met before the plaintiffs sought judicial

intervention.  Federal Rule of Civil Procedure 37(a)(2)(A) requires a party moving to

compel discovery to "include a certification that the movant has in good faith conferred

or attempted to confer with the party not making the disclosure in an effort to secure

the disclosure without court action." FED. R. CIV. P. 37(a)(2)(A).  The Local Rules for

the Southern District of Texas similarly requires that opposed motions, other than those

under Federal Rules of Civil Procedure 12(b), (c), (e), or (f) and 56, contain an

averment that "[t]he movant has conferred with the respondent and Counsel cannot

agree about the disposition of the motion." S.D. Tex. Loc. R. 7.1.  Merely relying on

e-mails and letters demanding production of documents under threat of a motion to

compel is insufficient to satisfy the conference requirement.[1]

---

[1]    *See, e.g., Kyte v. Progressive Northwestern Ins. Co.*, 2004 WL 491886, at \*2 (D. Alaska 2004) ("confer"
implies communication and some degree of negotiation between the parties rather than simple demands);
*Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003) (local rule to confer required at least a
person-to-person telephone call to compare views and an attempt to reach an agreement without court
involvement); *Tyson v. King*, 1999 WL 493394, at \*2 (S.D.N.Y. 1999) ("'Confer' means to meet, in person
or by telephone, and make a genuine effort to resolve the dispute by determining, without regard to technical
interpretation of the language of a request, (a) what the requesting party is actually seeking, (b) what the
discovering party is reasonably capable of producing that is responsive to the request, and (c) what specific
genuine issues, if any, cannot be resolved without judicial intervention"); *Soto v. City of Concord*, 162 F.R.D.

Signed on November 28, 2005, at Houston, Texas.

Stephen Wm Smith
United States Magistrate Judge

---

603, 622-23 (N.D. Cal. 1995) (conference requires an attempt to have a live exchange of ideas and opinions).