UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

*United States Courts*
*Southern District of Texas*
*ENTERED*
*APR 1 0 2006*
*Michael N. Milby, Clerk of Court*

| | | |
|---|---|---|
| DOMINIC COTRONEO, ARTHUR ANILLO, JACK BRODAY, ALAN DANFORD, VANESSA DOUGHERTY, TANYA FRENCH, JOSEPH GARCIA, DUANE GILLS, DUSTIN GILLS, ALEX L. LUNA, JOHN MCBRYDE, AARON MERKEL, BRUCE MOFFATT, STEVEN NORRIS, TIM PETRIE, ANGELIA RENEE TOOLE, AND MICHAEL WRIGHT | § § § § § § § § § § § § § § | |
| VS. | § § § | C.A. NO. H-05-1250 |
| SHAW ENVIRONMENTAL & INFRASTRUCTURE, INC., THE SHAW GROUP, INC., GERALD J. JOY, BARBARA REIDER, PETER CHIN, DAVID DUNCAN, JAMES LANGSTED, WILLIAM BORDEN, SERAFIN C. MUNOZ, JR., BUTCH DANIELS, JOHN MCGOWAN AND RENEE GARO | § § § § § § § § § § § | |

## CONSENT PROTECTIVE ORDER

This matter having been presented to the Court jointly by counsel for

Plaintiffs (Dominic Cotroneo, Arthur Anillo, Jack Broday, Alan Danford,

Vanessa Dougherty, Tanya French, Joseph Garcia, Duane Gills, Dustin

Gills, Alex L. Luna, John McBryde, Aaron Merkel, Steve Norris, Tim Petrie,

Angelia Renee Toole, and Michael Wright) (the "Plaintiffs"), and counsel for

1

Defendants (Shaw Environmental & Infrastructure, Inc., Shaw Environmental, Inc., Gerald J. Joy, Barbara Reider, Peter Chin, David Duncan, James Langsted, Serafin C. Munoz, Jr., Butch Daniels, John McGowin, and Rene Garo) (the "Defendants") (together the "Parties") for entry of a protective order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect confidential material.   The Parties have consented to the form and entry of this Order.  For good cause shown,

IT IS on this _10 th_ day of April, 2006, ORDERED AS FOLLOWS:

1.    This Protective Order ("Order") governs the treatment of confidential documents, information or other materials as set forth in the Federal Rules of Civil Procedure 26(c), including materials which may cause annoyance, embarrassment, oppression, undue burden, undue expense, or include a trade secret, confidential research, development or commercial information, produced or disclosed in connection with this Action, whether revealed in a document, in testimony given at depositions, hearings or trial, answers to interrogatories, answers to requests for the production of documents, answers to requests for admissions, or any other form of discovery.

2.    All documents and information produced in this Action shall be

2

used solely for the purposes of this Action.

3.     Any party to this action and counsel for any party to this action may designate as "Confidential" any materials produced in this action which contain, describe, evidence, identify, or refer to information of a confidential or proprietary nature by, prior to production of such material, stamping such materials "Confidential."

4.     With the exception of documents or information that has become publicly available without a breach of the terms of this Order, all documents and other materials designated as "Confidential" (including any copy, synopsis, portion, summary, analysis, digest, translation, transcription, or other derivation thereof), shall not be disclosed in any way to any person(s) except:

(a)     the receiving party;

(b)     counsel of record and employees of counsel of record for the receiving party;

(c)     court officials (including court reporters and video operators at depositions);

(d)     experts or consultants engaged by counsel of record to assist in the litigation of this action;

(e)     persons noticed for depositions or designated as trial witnesses

3

in this action, or those who counsel of record in good faith expect to testify at deposition or trial in this action, but only to the extent reasonably necessary in preparing to testify;

(f)     any employee of a party or former employee of a party, but only to the extent considered necessary for the preparation and trial of this action;

(g)     any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

(h)     any other person, if consented to by the producing party.

5.     With respect to the disclosure of Confidential materials to persons described in paragraphs 4(a) through (c), each such person shall be provided a copy of this Order prior to any such disclosure.   The disclosure of Confidential material to persons described in paragraph 4(a) through (c) who have received a copy of this Order shall not constitute a violation of or a waiver of the protection afforded by this Protective Order.

6.     With respect to the disclosure of Confidential materials to persons identified in paragraph 4(d) though (h) above, each such person shall execute an Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A prior to any such disclosure.   The disclosure of Confidential material to persons described in paragraph 4(d) through (h)

4

who have executed an Agreement to Maintain Confidentiality in the form of Exhibit A shall not constitute a violation of or a waiver of the protection afforded by this Protective Order.

7.     Counsel for the disclosing party shall retain executed Agreements to Maintain Confidentiality in his or her file at least until this lawsuit has been concluded and all Confidential Materials have been returned and/or destroyed pursuant to paragraph 23 below.   Upon the conclusion of the suit, upon written request of counsel for any party to this Action, the counsel for the party upon which such request is served shall promptly provide a written list of all persons or entities other than those described in paragraph 4(a) through (c) to whom or to which material designated "Confidential" has been disclosed, together with a copy of each Affidavit required to have been executed by each such person or entity prior to such disclosure.

8.     Any person to whom "Confidential" material is disclosed by the receiving party or by any person who obtains such "Confidential" material from the receiving party, shall be bound by the provisions of this Order and subject to all appropriate sanctions and remedies for any violation hereof.

9.     Any Party to this Action that receives materials or information designated as "Confidential" shall notify, within fifteen (15) days of receipt,

5

the other Party in writing of any objection they may have to the designation of any material as "Confidential." The Parties will then endeavor to resolve such objection in good faith. In the absence of a resolution between the Parties, the Party objecting to the designation shall file a motion with the Court, within sixty (60) days of receipt of the materials or information designated as Confidential," certifying that good faith attempts to resolve the dispute have failed, describing the materials for which the designation of "Confidential" is being challenged and setting forth any and all grounds or bases for the challenge. The burden for establishing the necessity that a document be designated "Confidential" shall lie with the party seeking such designation.

10.    A Party's failure to object to a "Confidential" designation as described in this Order shall not be deemed an admission by the non-objecting Party at trial or hearing that such document or information constitutes or contains confidential or proprietary information or trade secrets.

11.    Counsel for a party to this action may make a written request to counsel for the other parties to this action, that the provisions of this Protective Order be waived as to those materials designated "Confidential" which are specifically described in such request.

6

(a)    In the event such a waiver is not granted within thirty (30) days of the written request, the counsel requesting the waiver may make a written application to this Court for an order requiring such a waiver, which application shall describe the material for which such a waiver has been sought and set forth any and all grounds or bases for the waiver requested.

(b)    In the event such a waiver is granted, whether in writing by counsel for the party producing such materials or by an order of this Court, then upon written request of counsel for the party to this action who produced such material, the party requesting the waiver shall promptly provide a written list of all persons or entities to whom or to which materials or the contents of materials for which such a waiver has been granted have been disclosed, together with copies of Exhibit A, which they have executed.

12.    "Confidential" material shall not be filed with the Court except when required in connection with matters pending before the Court.  If filed, they shall be filed in a sealed envelope, clearly marked:

THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION COVERED BY A PROTECTIVE ORDER AND IS SUBMITTED UNDER SEAL

7

PURSUANT TO THAT PROTECTIVE ORDER.
THE CONFIDENTIAL CONTENTS OF THIS
DOCUMENT MAY NOT BE DISCLOSED
WITHOUT EXPRESS ORDER OF THE COURT.

and shall remain sealed while in the office of the Clerk so long as they retain their "Confidential" designation.  Said "Confidential" material shall be kept under seal until further order of the Court; however, "Confidential" material and other papers filed under seal shall be available to the Court, to counsel of record, and to all other persons entitled to receive the confidential information contained therein under the terms of this Order.

13.    "Confidential" material may be introduced by any party at pre-trial or trial proceedings upon reasonable advanced notice affording the producing party a reasonable opportunity to consider and respond to the proposed use of the information, including a request that any record of the use of such material in pre-trial or trial proceedings be filed with the Court under seal or otherwise be accorded the protection afforded by this Protective Order.  At the time that such materials are used or introduced during pre-trial or trial proceedings, the Court shall issue such Order as it deems appropriate for maintaining the confidentiality of such materials.

(a)    Counsel for the parties shall exercise due care not to

needlessly disclose to persons present at such pretrial or trial proceedings or to have recorded or placed in the public record of such proceedings, materials or the contents of materials designated "Confidential."

(b)    Counsel for the parties shall not, in the presence of the jury, comment or speculate on the reasons or motivation for designating materials "Confidential."

14.    The maintenance of the "Confidential" status of any documents or information designated pursuant to the terms of this Order shall, in all instances, be subject to further agreement or modification by the Parties, and in the case of a dispute concerning the confidential nature of a document, the Parties shall make every reasonable effort to resolve the matter by agreement.

15.    The Parties acknowledge that there are, or may be, other documents, which if produced by agreement of the Parties, or by order of the Court, would require greater confidentiality protection than is provided in this Order.  Nothing in this Order shall be construed to waive, limit, or compromise the right of any Party to seek additional protection with respect to any such documents and the Parties expressly reserve the right to seek additional protection with respect to the disclosure of such documents, if any, in the form of an amendment to this Order, or otherwise.

9

16.    If another Court or an administrative agency subpoenas or orders the production of documents designated as "Confidential" that a Party has obtained under the terms of this Order, such Party shall promptly notify the party or other person who designated the document of the pendency of such subpoena or order, and shall not produce the document until the party making the confidentiality designation has had the opportunity to challenge the subpoena or order, as that Party may elect.

17.    The inadvertent or unintentional production by a party of "Confidential" information without the "Confidential" designation shall not be deemed a waiver, in whole or in part, of the right to obtain the protections afforded by this Order as long as the Party inadvertently disclosing such confidential information acts reasonably promptly upon discovery of the inadvertent disclosure to protect the confidentiality of the information and can demonstrate that the information is "Confidential" information as defined in this Order.

18.    The Parties recognize that both sides have produced, or will be producing numerous documents under circumstances in which it is possible that material protected by the attorney client or other applicable privilege, or the work product doctrine may be inadvertently produced.  The inadvertent production of any document claimed to be privileged or subject to the work

10

product doctrine shall not constitute a waiver of such privilege.  In the event documents which are subject to the attorney client or other statutory or common-law privilege, or the work product doctrine, are inadvertently produced, such documents shall be returned by the receiving party upon discovery or within two (2) days of any written request therefore, unless the receiving party challenges the privileged nature of the document(s), in which case the parties shall endeavor to resolve the dispute in good faith. While such resolution is pending, the receiving parties shall not use or divulge the contents of such document(s).

19.    Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

20.    Disclosure of "Confidential" material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

21.    This Protective Order shall be binding throughout and after final adjudication of this action, including by not limited to final adjudication of any appeals and petitions for extraordinary writs.

(a)    Upon written request by the designating party, within sixty (60) days following a final disposition or resolution of the action, including all

11

appeals, the Clerk of this Court shall return under seal all materials designated "Confidential" that were filed under seal with the Court.

(b)    Within ninety (90) days following a final disposition or resolution of the Action, including all appeals, all materials and information produced in this Action, including all materials and information specially designated as "Confidential" under this Order, and any copies thereof, shall be returned to the producing Party unless the Parties otherwise agree; and all electronic images of materials and images produced in this Action, including all materials and information specially designated as "Confidential" under this Order, and any electronic copies thereof, shall be permanently deleted from the receiving Party's server or database and a written certification of such deletion provided to the producing Party. Nothing in this Protective order shall be construed to prevent this Court from disclosing any facts relied upon in making or rendering any finding, ruling, order, judgment or decree, of whatever description.


_____
Stephen Wm. Smith
United States Magistrate Judge

The undersigned consent to the form and entry of this Order:


_____
**WILLIAM A. WORTHINGTON**
Federal ID No. 1692
**JOHN K. SPILLER**
Federal ID No. 13993
**STRASBURGER & PRICE, LLP**
1401 McKinney Street, Suite 2200
Houston, Texas 77010-4035
(713) 951-5600
(713) 951-5660 Fax

**ATTORNEYS FOR
DEFENDANTS
SHAW ENVIRONMENTAL, INC.,
SHAW ENVIRONMENTAL &
INFRASTRUCTURE, INC.,
GERALD J. JOY, BARBARA
REIDER, PETER CHIN, DAVID
DUNCAN, JAMES LANGSTED,
SERAFIN C. MUNOZ, JR.,
BUTCH DANIELS, JOHN
MCGOWIN AND RENEE GARO**


OF COUNSEL:

**ELLEN KITTREDGE SCOTT**
Federal ID No. 41806
**PEPPER HAMILTON LLP**
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, Pennsylvania 19103-
2799
(215) 981-4000
(215) 981-4750 Fax

548830.1/SPH/14205/0101/040606

_____
**RANDALL O. SORRELS**
Texas State Bar No. 18855350
**ABRAHAM, WATKINS,**
**NICHOLS, SORRELS,**
**MATTHEWS & FRIEND**
800 Commerce Street
Houston, Texas 77002
(713) 222-7211
(713) 225-0827 Fax

**ATTORNEYS FOR PLAINTIFFS**


 OF COUNSEL:

**LINDA R. SHAW, ESQ.**
1125 Crossroads Building
2 State Street
Eighteenth and Arch Streets
Rochester, New York 14614
(585) 546-8430

14

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DOMINIC COTRONEO, ARTHUR ANILLO, JACK BRODAY, ALAN DANFORD, VANESSA DOUGHERTY, TANYA FRENCH, JOSEPH GARCIA, DUANE GILLS, DUSTIN GILLS, ALEX L. LUNA, JOHN MCBRYDE, AARON MERKEL, BRUCE MOFFATT, STEVEN NORRIS, TIM PETRIE, ANGELIA RENEE TOOLE, AND MICHAEL WRIGHT | § § § § § § § § § § § § | |
| VS. | § § | C.A. NO. H-05-1250 |
| SHAW ENVIRONMENTAL & INFRASTRUCTURE, INC., THE SHAW GROUP, INC., GERALD J. JOY, BARBARA REIDER, PETER CHIN, DAVID DUNCAN, JAMES LANGSTED, WILLIAM BORDEN, SERAFIN C. MUNOZ, JR., BUTCH DANIELS, JOHN MCGOWAN AND RENEE GARO | § § § § § § § § § § | |

## ACKNOWLEDGMENT OF CONFIDENTIALITY

I have read the Protective Order in the case of <u>Cotroneo et al., v. Shaw Environmental & Infrastructure, Inc., et al.</u>, Civil Action No. 05-1250, United States District Court for the Southern District of Texas, and I understand its content.

1

By signing this Acknowledgment I confirm that I understand that all documents produced in this Action and provided to me are to be used only in connection with the adjudication of this Action and for no other purpose.

By signing this Acknowledgement, I promise I will not use any Confidential material or information disclosed to me except as permitted by the Protective Order.

By signing this acknowledgement, I promise that I will not communicate, disclose, discuss, identify or otherwise use materials designated "Confidential" or the information contained in such material with, to, or for any person or entity other than persons or entities to whom such materials or information my be disclosed in accordance with the Protective Order.

By signing this Acknowledgement, I agree to be bound by the terms of the Protective Order.  I understand that any use of the materials designated as "Confidential" or the information in those materials in any manner contrary to the provisions of this Protective Order will subject me, among other things, to the sanctions of this Court.

By signing this Acknowledgement, I agree to subject myself to the jurisdiction of the Court for purposes of enforcing said Protective Order.

548830.1/SPH/14205/0101/040606

Dated this _____ day of _____, 200_.

_____
Signature

_____
Name [Printed]

_____
Address

_____
Employment and Title

548830.1/SPH/14205/0101/040606