UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOMINIC COTRONEO, *ET AL.*, | § § | |
| PLAINTIFFS, | § § | |
| Vs. | § § | CIVIL ACTION NO. H-05-1250 |
| SHAW ENVIRONMENTAL & INFRASTRUCTURE, INC., *ET AL.*, | § § § § | |
| DEFENDANTS. | § | |

# **ORDER**

This personal injury suit is before the court on defendants' motion to enforce expert discovery deadlines and strike untimely expert reports (Dtk. 66). Having considered the parties submissions and all matters of record, the court denies defendants' motion, but modifies the existing scheduling order to alleviate any possible prejudice to defendants.

Plaintiffs allege injuries in this case as a result of exposure to radiation in the course of their employment. Plaintiffs timely served an expert report of Marvin Resnikoff, PhD, on causation issues. Resnikoff reserved the right to supplement his report with dose calculations for each plaintiff. Plaintiffs informed defendants that they anticipated serving such a supplemental report at the end of March, 2007. Plaintiffs served the supplemental report along with their response to the current

motion on April 2, 2007. Defendants' expert reports are currently due on April 27, 2007. The discovery and motion deadline is May 31, 2007.

Untimely submission of expert reports after the deadlines granted in the court's scheduling order is guided by Rule 16 of the Federal Rules of Civil Procedure.[1] *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). The decision to strike plaintiffs' untimely expert reports is within the court's discretion. *Betzel v. State Farm*, ____ F.3d ____, 2007 WL 603036 *2 (5th Cir. Feb. 28, 2007). In exercising that discretion, the court considers four factors: (1) the explanation for the failure to timely serve the reports; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Id.*; *Southwestern Bell*, 346 F.3d at 546; *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). On balance, the four factors weigh in favor of allowing the late supplementation in this case.

Plaintiffs had many of the urinalysis results necessary to perform dose calculations by October 2006, but did not have all results until a few days after the January 26, 2007 deadline. The delay was caused in part by the failure to get

---

[1] In their reply (Dkt. 68), defendants take issue with plaintiffs' characterization of the April 2, 2007 report as "supplemental" because it offers new opinions, not merely revisions of the opinions expressed in the January 26, 2007 report as contemplated by Federal Rule of Civil Procedure 26. However, the court has made its determination under Federal Rule of Civil Procedure 16, not Rule 26.

urinalysis samples from all plaintiffs to the lab in time to meet the deadline. Plaintiffs explain that they move around the country for their work, and some were difficult to track down. The delay was also caused in part by an error at the lab selected to perform the testing.[2]

It was not unreasonable for Resnikoff to wait until he had all the results to issue one report instead of issuing several piecemeal reports as information trickled in. But it is not clear why the new report was not completed until March 30, 2007. In retrospect, plaintiffs should have asked for an extension of time instead of assuming defendants would not object to the new report. On the other hand, plaintiffs were open about their intentions and the new report from Reznikoff did not come as a surprise to defendants. In fact, defendants filed the current motion specifically because they anticipated the new report. There has not been a pattern of discovery abuse by plaintiffs in this case, and both sides have been diligently pursuing discovery to date. Plaintiffs' failure to seek leave to modify the schedule is not determinative here, in light of the other factors weighing heavily in favor of permitting the testimony. *See Betzel*, 2007 WL 603036 at *2.

---

[2] The urinalysis testing at issue was performed in response to defendants' discovery requests. Defendants' argue that plaintiffs could have conducted their own testing independent of the defendants' program in time to meet their expert deadline, but that suggestion seems wasteful and would open up the results to challenges regarding the testing reliability avoided by relying on defendants' test results.

There is no doubt that Reznikoff's testimony is important to plaintiffs' case. Defendants argue in their motion that such dose calculations are necessary to establishing a prima facie case.[3]  This factor weighs in favor of plaintiffs. *See Betzel*, at *3.

The prejudice asserted by defendants is the lack of sufficient time to prepare their own defendants' reports, and the likely need to continue the September/October trial setting.  Defendants reports are currently due April 27, 2007.  Urinalysis results have been available to defendants since the end of January, and Resnikoff's supplemental report has been available since at least April 2, 2007.  Defendants overstate the extent of any prejudice caused by the new report.  However, any prejudice to defendants can be cured by modifying the existing schedule.[4]

Therefore, it is ordered that defendants' motion to strike (Dkt. 66) is denied. It is further ordered that the scheduling order governing this case is modified as follows:  defendants' deadline to file expert reports is May 31, 2007; the discovery and motion deadline is July 2, 2007; the parties joint pre-trial order is due October 31, 2007; this case is set on Judge Hittner's November/December 2007 trial docket.

---

[3] Defendants' motion, at 4. Defendants also contend that even if permitted, the new report is insufficient to create a trial issue of material fact on plaintiffs' claims, but that issue must await summary judgment.

[4] The parties now seek modification of the existing scheduling order for reasons independent of this motion. The parties' motions (Dkt. 69, 70) are granted, and the schedule is modified as stated above.

Signed at Houston, Texas on April 18, 2007.

_____
Stephen Wm Smith
United States Magistrate Judge