UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOMINIC COTRONEO, *ET AL.*, | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| Vs. | § | CIVIL ACTION NO. H-05-1250 |
| | § | |
| SHAW ENVIRONMENTAL & | § | |
| INFRASTRUCTURE, INC., *ET AL.*, | § | |
| | § | |
| DEFENDANTS. | § | |

## ORDER

This personal injury case is before the court on defendants' "Motion to Exclude Designation of Treating Physicians as Experts and Use of Testimony by Previously Undisclosed Physicians" (Dkt. 79). The court held a hearing on September 20, 2007. Having considered the parties' submissions, argument, and law, the court concludes that defendants' motion should be granted.

### I. Background

Under the initial scheduling order governing this case issued August 11, 2005, plaintiffs' expert designations were due December 1, 2005 with expert reports due 60 days thereafter (Dkt. 27). After multiple extensions of time, plaintiffs' timely served a written report for its expert, Marvin Resnikoff, on January 26, 2007. The court granted plaintiffs leave, over defendants' objection, to serve a supplemental expert report of Resnikoff on April 2, 2007, well after the scheduling order deadline for

expert reports. Under the schedule currently in effect (Dkts. 72, 78), the discovery deadline was July 2, 2007, and dispositive motions were due July 18, 2007.[1] This case is set on Judge Hittner's November/December trial docket, with the joint pre-trial order due October 31, 2007.

On July 6, 2007, after the close of discovery, plaintiffs served supplemental interrogatory responses identifying 33 treating physicians that they intend to call as experts to testify on plaintiffs' medical conditions, including "prognosis, legal causation and damages." Plaintiffs had not previously designated the 33 treating physicians as experts nor provided expert reports. Defendants have moved to strike all 33 experts.

In response, plaintiffs represent that they now intend to call only one of the 33 witnesses, Dr. Kalpana D. Patel, to testify as an expert; they no longer intend to call the other 32 treating physicians to testify. Based on plaintiffs' representation, defendants' motion as to all experts other than Dr. Patel is unopposed.

## II.   Analysis

Plaintiffs recognize that the designation of Dr. Patel is untimely. Plaintiffs explain that it was not until Dr. Patel's deposition on June 28, 2007, at the very end of discovery, that they realized she has expertise in environmental medicine.

---

[1]   Defendants have a pending motion for summary judgment (Dkt. 82), which will be addressed in a subsequent Memorandum and Recommendation.

Plaintiffs represent that Dr. Patel intends to see all the plaintiffs, and then offer testimony as the treating physician for all of them.[2]

In deciding whether to exclude a late-designated expert, the court considers four factors: (1) the explanation for the failure to designate the witness; (2) the importance of the testimony; (3) the prejudice in allowing the testimony; and (4) the availability of a continuance to cure the prejudice. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875 (5th Cir. 2004); *Betzel v. State Farm Lloyds*, 480 F.3d 704 (5th Cir. 2007).

Plaintiffs' explanation for their failure to timely designate Patel is, frankly, weak. Counsel represents that they did not know Dr. Patel had expertise that could help their case until defendants took her deposition as Cotroneo's treating physician. After that deposition, at which Dr. Patel emphatically stated that she was not

---

[2] Plaintiffs argue that as a treating physician Dr. Patel is not subject to the same requirements as a retained expert witness. In *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875 (5th Cir. 2004), the Fifth Circuit noted that the requirement of Rule 26(a)(2)(B) for service of written reports applies only to *retained* experts, and therefore a treating physician can be called to testify at trial without any requirement for a written report. *Id.* at 882 (emphasis added). However, the Fifth Circuit upheld the magistrate judge's decision to strike plaintiff's expert because plaintiff did not timely designate the treating physician as an expert as required by Rule 26(a)(2)(A). *Id.* at 882-83. Thus, Dr. Patel's purported status as a treating physician does not excuse the late-designation.

testifying as an expert,[3] she expressed an interest in treating all the plaintiffs and evaluating the plaintiffs' "health impact" as a group.[4]

Plaintiffs have known from the outset of this case of the need for evidence linking plaintiffs' injuries to their exposure at the Gulf Nuclear Site. Because Dr. Patel was identified in discovery as the treating physician for Cotroneo, it is clear a little diligence earlier in the case would have revealed her expertise in environmental medicine. Yet, prior to Dr. Patel's deposition, plaintiffs apparently were not seeking additional expert testimony to bolster that of Resnikoff.

Plaintiffs' weak explanation for their failure to timely designate Dr. Patel strongly weighs in favor of exclusion.

Plaintiffs assert that Dr. Patel's testimony is important to their case. They rely on Dr. Patel's affidavit testimony in opposition to defendants' motion for summary judgment on causation. In their briefing, plaintiffs state that Dr. Patel's testimony "enhances" that of Resnikoff, but is not indispensable to avoiding summary judgment.[5] Whether it is indispensable, or merely enhances their case, Dr. Patel's testimony should be excluded. The Fifth Circuit has recently held:

---

[3] Patel Dep., Exhibit A to defendants' motion, at 8, 33-34, 62-3.

[4] Plaintiffs' response to the motion to strike (Dkt. 84), at 11.

[5] Plaintiffs' response, at 12. Counsel at the hearing argued that he believes Dr. Patel's testimony is indispensable to the case.

4

> The importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders. Moreover, the claimed importance of Plaintiffs' expert testimony merely underscores the need for plaintiffs to have complied with the court's deadlines or at least informed the trial judge in advance if good faith compliance was not possible.

*Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996); *Betzel v. State Farm Lloyds*, 480 F.3d 704, 708 (5th Cir. 2007). Because the other relevant factors weigh heavily in favor of enforcement of the expert designation and report deadlines at this stage of the case, the importance of the testimony alone is not determinative of defendants' motion.

Defendants will be severely prejudiced by the late designation. Dr. Patel has been deposed only as the treating physician for Cotroneo. Defendants have not had an opportunity for adequate discovery of Dr. Patel's opinions, or to challenge the reliability of her opinions under standards governing admission of expert testimony. Allowing Dr. Patel's testimony would likely necessitate costly additional rebuttal expert reports and depositions by both sides. It is important to note that Dr. Patel has not yet treated all the plaintiffs, and so this additional discovery would be further delayed by her need to consult with the patients about whom she intends to testify.

Finally, a continuance is not available to cure prejudice in this case. This case has been on file in this court since April 2005, and has already been continued to

accommodate plaintiffs' prior late-designation. A further continuance would not cure prejudice, but inflict more.

### III. Conclusion and Order

For the reasons explained above, the court orders that defendants' Motion to Exclude Designation of Treating Physicians as Experts and Use of Testimony by Previously Undisclosed Physicians (Dkt. 79) is granted. Defendants request for monetary sanctions is denied.

Signed at Houston, Texas on September 21, 2007.

_____
Stephen Wm Smith
United States Magistrate Judge